DEE LEE ELLINGTON and MARY V. ELLINGTON,
on behalf of themselves and all other situated                                  PLAINTIFFS

VS.

FEDERAL HOME LOAN MORTGAGE CORPORATION,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., MERSCORP HOLDINGS, INC., FEDERAL
HOUSING FINANCE AGENCY, as conservator for FMLMC, and
DOE CORPORATIONS AND ENTITIES 1-100                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motion by the Defendants, Mortgage Electronic Registration Systems, Inc., and MERSCORP Holdings, Inc., to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) [DN 27] and on a motion by Defendants, Federal Home Loan Mortgage Corporation, and the Federal Housing Finance Agency, in its capacity as Conservator of Freddie Mac, to dismiss Plaintiffs' complaint pursuant Fed. R. Civ. P. 12(b)(6) [DN 28]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

Under Kentucky law, when a mortgage is assigned, the assignee is required to record the assignment with the county clerk's office. KRS § 382.360; KRS § 382.365(2). KRS § 382.365(3) provides that "[a] proceeding may be filed by any owner of real property or any party acquiring an interest in the real property in District Court or Circuit Court against a lienholder that violates subsection (1) or (2) of this section." The damages for failure to timely file an assignment is a minimum of $500 per violation. KRS § 382.365(5).

Plaintiffs, Dee Lee Ellington and Mary V. Ellington, executed a mortgage to Old National Bank that was recorded on October 14, 2009, in the Hopkins County, Kentucky, Clerk's Office. On October 26, 2009, Old National Bank assigned all rights, title and interest in the Ellington mortgage to Defendant Mortgage Electronic Registration System ("MERS"). The assignment was recorded on November 9, 2009. Plaintiffs allege that their mortgage was then assigned several times among MERS's members before ending up with the Defendant, Federal Home Loan Mortgage Corporation ("Freddie Mac"), with MERS as its agent. Plaintiffs allege that none of these assignments were recorded as required by law.

Under the MERS system, "[w]hen a home is purchased, the lender obtains from the borrower a promissory note and a mortgage instrument naming MERS as the mortgagee (as nominee for the lender and its successors and assigns)." In re: Mortgage Electronic Registration Systems (MERS) Litigation, 659 F. Supp. 2d 1368, 1370 n.6 (U.S. Jud. Pan. Mult. Lit. 2009). In the mortgage, "the borrower assigns his right, title, and interest in the property to MERS, and the mortgage instrument is then recorded in the local land records with MERS as the named mortgagee." Id. "When the promissory note is sold (and possibly re-sold) in the secondary mortgage market, the MERS database tracks that transfer." Id. As long as the parties involved in the sale of promissory note are MERS members, "MERS remains the mortgagee of record (thereby avoiding recording and other transfer fees that are otherwise associated with the sale) and continues to act as an agent for the new owner of the promissory note." Id.

Plaintiffs filed this suit alleging that MERS, its parent company MERSCORP Holding, Inc., Freddie Mac, and the Federal Housing Finance Agency, in its capacity as Conservator of Freddie Mac, created, designed, managed, maintained, operated, and utilized a sham privatized recording system to eliminate the need to prepare and record assignments. Plaintiffs further

allege that through this conspiracy, MERS and the other defendants repeatedly failed to file assignments in accordance with KRS § 382.360.  Specifically, Plaintiffs assert claims for (1) violation of KRS § 382.360 and KRS § 382.365 and (2) civil conspiracy to violate KRS § 382.360 and KRS § 382.365.  The action was filed as a putative class action on behalf of all persons who own or owned real property, or who acquired an interest in real property, in the Commonwealth of Kentucky and had mortgages on their real property assigned to one or more of the Defendants without the assignment being filed for recording with the county clerk.  Thus, the central claim of Plaintiffs' case is that the Defendants took assignments of mortgages for property located in Kentucky, but failed to record those assignments with the County Clerk's Offices as required by the recording statute KRS § 382.360(3). The Plaintiffs maintain that Defendants are liable to Plaintiffs and similarly situated homeowners for damages.

The MERS Defendants now move to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6) arguing that (1) the complaint fails to state a claim against the MERS Defendants for a violation of KRS § 382.360 or KRS § 382.365 because Plaintiffs admit that the MERS Defendants complied with the statute; (2) the transfer of a promissory note does not trigger a recordable event under Kentucky law; and (3) the complaint fails to state a claim for civil conspiracy. Defendants, Freddie MAC and the Federal Housing Finance Agency, likewise move to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6) adopting the arguments of the MERS Defendants and additionally arguing that (1) the statutory penalty bar located at 12 U.S.C. § 4617(j)(4) precludes Plaintiffs' claims for statutory penalties and treble damages against them; (2) 12 U.S.C. § 4617(f) precludes Plaintiffs' request for injunctive and declaratory relief; (3) Plaintiffs' complaint fails to plead sufficient facts giving rise to a plausible inference that they have

3

suffered actual damages; (4) the statutory penalty bar precludes Plaintiffs' conspiracy claim; and (5) Plaintiffs have failed to allege other elements of civil conspiracy with sufficiency.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

"KRS Chapter 382 provides a system by which landowners record ownership of property through deeds, mortgage owners preserve priority and landowners remove encumbrances from their property once underlying debts are satisfied." Boyd County ex rel. Hedrick v. Merscorp, Inc., 2013 WL 6181108, *2 (E.D. Ky. Nov. 25, 2013). To record a deed, the deed must be "acknowledged by the party who executes it" and "proved and lodged for record in the proper

4

office, as prescribed by law." KRS § 382.080. The statutes also provide for recording of mortgages, which, like deeds, are recorded in "the county clerk's office of the county in which the property . . . is located." KRS § 382.110; see Boyd County, 2013 WL 6181108, *2. "Instruments generally must indicate the 'next immediate source from which the grantor derived title to the property or the interest conveyed therein,' thereby showing the chain of title." Boyd County, 2013 WL 6181108, *2 (quoting KRS § 382.110(2)). Instruments which satisfy these requirements and are properly acknowledged are recorded by the County Clerk. Id. (citing KRS § 382.130). "Chapter 382 further provides for recording of releases and assignments of mortgages in certain circumstances." Id. A mortgage can be released by recording a deed of release or by entering a marginal notation on the mortgage instrument. KRS § 382.360(1, 2). If the borrower pays his loan in full, but the lienholder does not timely release the mortgage, the borrower may sue to compel release of the mortgage. KRS § 382.365(1, 3–5).

In 2006, KRS § 362.360 and KRS § 382.365 were amended to ensure timely release of liens. Specifically, in explaining the reasons for the amendments, the chairman of the Kentucky Senate Banking Committee explained that "people were getting fast refinancing, and there was not a good record kept, you couldn't find out who had the last mortgage. You thought you were sending the payoff, but they had already been paid off, and there was another company holding" the debt. (Ky. Sen. Banking & Ins. Cmte. Hearing, Jan. 26, 2006.) According to Senator Tom Buford, this situation created difficulty for refinancing homeowners "in trying to determine who is the last holder of the lien." (Ky. Sen. Chambers, Feb. 8, 2006.) When the last holder of a lien could not be determined, "payoffs get delayed and some cannot be made at all, which is unfair to the consumer." (Id.) The Kentucky General Assembly sought "an expedited way to have these releases taken care of in a court" and, thus, amended KRS § 382.360 and KRS § 382.365 in 2006

to provide that an assignee shall file a mortgage assignment with the county clerk within 30 days of the assignment. (Ky. Sen. Chambers, April 10, 2006.) KRS § 382.365 likewise noted that "[a] proceeding filed under this section shall be given precedence over other matters pending before the court." In other words, the Kentucky General Assembly viewed these amendments as an expedited way to ensure that "when a mortgage is not released, the borrower knows who to go to to get it released." (Ky. Sen. Banking & Ins. Cmte Hearing Jan. 26, 2006).

Beginning in 2006, assignments of mortgage were required to be recorded by the assignee. Specifically, KRS § 382.360 provides that "[w]hen a mortgage is assigned to another person, the assignee shall file the assignment for recording with the county clerk within thirty (30) days of the assignment . . . ." KRS 382.360(3); see also KRS § 382.365(2)("An assignee of a lien on real property shall record the assignment in the county clerk's office as required by KRS 382.360.") Failure to record a mortgage assignment has no effect on the validity or perfection of the mortgage. KRS § 382.360(6); KRS § 382.365(2).

KRS § 382.365(3) authorizes a private right of action by "any owner of real property or any party acquiring an interest in the real property in District Court or Circuit Court against a lienholder that violates" the recording requirements of KRS § 382.360 and § 382.365(1),(2). The statute reserves the cause of action for failure of an assignee to record a mortgage assignment to a real property owner or a party acquiring an interest in the real property. KRS § 382.365(3); KRS § 382.365(11). Further, the statute provides that "[d]amages under this subsection for failure to record an assignment pursuant to KRS 382.360(3) shall not exceed three (3) times the actual damages, plus attorney's fees and court costs, but in no event less than five hundred dollars ($500)." KRS § 382.365(5).

KRS Chapter 382 has been characterized by the Kentucky Supreme Court and federal district court as one that "'ensures that, as a general rule, a mortgage recorded first has priority over a mortgage recorded later.'" Boyd County, 2013 WL 6181108, *2 (citing MERS v. Roberts, 366 S.W.3d 405, 411 (Ky. 2012)). "Recording of mortgages allows mortgage-holders to stake their claims to priority, although the records do not serve as a source of information about lenders; indeed, '[t]he identity of the lender is not truly relevant to whether the purposes of the recording statutes are being promoted.'" Id. (quoting MERS, 366 S.W.3d at 413.)).

### A. Violation of KRS § 382.360 and KRS § 382.365

The record reflects that on October 26, 2009, Old National Bank assigned all rights, title and interest in the Ellington Mortgage to Defendant MERS. The assignment was recorded on November 9, 2009, as the statute requires. Plaintiffs allege that their mortgage was then assigned several times among MERS' members before finally being assigned to the Defendant, Freddie Mac, with MERS as its agent. It is undisputed that no other mortgage assignment was recorded after the initial assignment on November 9, 2009. It is also undisputed that only the promissory note was assigned several times among MERS' members.

Despite the fact that there was no issue with respect to the release of Plaintiffs' mortgage, Plaintiffs maintain that the Defendants are statutorily liable in damages because they did not record a mortgage assignment each time the note secured by the mortgage was assigned under the MERS system. Plaintiffs maintain that the MERS system circumvents the mortgage assignment recordation system under KRS Chapter 382 by facilitating the selling and buying of notes secured by real property without complying with Kentucky's requirements for the recordation of mortgage assignments. This is a matter of first impression in both state and federal courts in Kentucky. As a federal court sitting in diversity, the Court's task is to predict

7

how the Kentucky Supreme Court would rule if it were deciding this question of state law. National Sur. Corp. v. Hartford Cas. Ins. Co., 493 F.3d 752, 755 (6th Cir. 2007)

Considering the plain language of the statutes, the Court finds that Defendants are not obligated under KRS § 382.360 and KRS § 382.365 to record assignments when only the promissory notes secured by those mortgages are assigned under the MERS system. "When a borrower takes out a home loan, he or she executes two documents in favor of the lender: (1) a promissory note in which the borrower commits to repay the loan; and (2) a mortgage deed that grants the lender a lien on the property as security for the debt under Kentucky law." Christian County Clerk ex. rel. Kem v. Mortgage Electronic Registration Systems, Inc., 515 Fed. Appx. 451, 455 (6th Cir. 2013)(citing Watt's Adm'r v. Smith, 63 S.W.2d 796, 800 (1933); cf. KRS § 355.9–102(1)(bc) & (bm); see generally Restatement (3d) of Property: Mortgages § 1.1 (1997)).

Kentucky's statutes address the recording of notes and mortgages in separate provisions. Id. KRS § 382.290(2) provides that the recording of a note assignment is not required. Specifically, KRS § 382.290(2) provides "[w]hen any note named in any deed or mortgage is assigned to any other person, the assignor may . . . note such assignment in the blank space, or in a marginal entry record [in the county clerk's office]."). In contrast, KRS § 382.360(3) and KRS § 382.365(2) require the recording of mortgage assignments. KRS § 382.360(3) provides that "[w]hen a *mortgage* is assigned to another person, the assignee shall file the assignment for recording with the county clerk within thirty (30) days of the assignment[.]" Similarly, KRS § 382.365(2) provides that "[a]n assignee of a *lien* on real property shall record the assignment in the county clerk's office as required by KRS 382.360[.]" "Failure of an assignee to record a *mortgage assignment* shall not affect the validity or perfection, or invalidity or lack of perfection, of a *mortgage lien* under applicable law." Id. Neither KRS § 382.360(3) nor KRS § 382.365(2)

8

mentions the recording of promissory notes which are secured by the mortgages. Thus, the Court does not interpret the statutes to require the recording of an assignment of a promissory note. "It is a primary rule of statutory construction that the enumeration of particular things excludes the idea of something else not mentioned." Smith v. Wedding, 303 S.W.2d 322, 323 (Ky. 1957).

Furthermore, throughout KRS Chapter 382, the General Assembly deliberately utilized the terms "note" and "mortgage" in multiple provisions recognizing that a promissory note and mortgage deed are separate legal instruments. Significantly, when the General Assembly amended §§ 382.360(3) and 382.365(2) in 2006, it required the recording of a mortgage assignment with the county clerk's office, not the recording of a promissory note with the county clerk's office. As discussed above, KRS § 382.290(2) instructs on the method of recording promissory notes emphasizing the permissive nature of the recording. The terms "note" and "mortgage" are separate and distinct terms, and they have separate and distinct meanings. For the Court to "infuse the second [word] with the meaning . . . for the first would obliterate the distinction between the two terms and make one or the other redundant." United States v. 0.376 Acres of Land, 838 F.2d 819, 825 (6th Cir. 1988). If the General Assembly had intended to require the recording of promissory note assignments under KRS § 382.360 and KRS § 382.365, it could have expressly done so. It did not. Thus, from a plain reading of the KRS § 382.290, § 382.360(3), and § 382.365(2), only mortgage assignments are required to be recorded pursuant to KRS § 382.360, not promissory note assignments.

Finally, the fact that "the Kentucky courts have long recognized that the assignment of a note secured by a mortgage transfers the interest in the underlying mortgage" does not alter the Court's decision in the present case. Christian County, 515 Fed. Appx. at 455 (citing Napier v.

Duff, 281 Ky. 779, 136 S.W.2d 1083, 1085 (1939); Drinkard v. George, 237 Ky. 560, 36 S.W.2d 56, 57 (1930); Sec. Inv. Co. of St. Louis v. Harrod Bros., 225 Ky. 12, 7 S.W.2d 492, 493 (1928)). While the transfer of a promissory note by MERS on behalf of a MERS financial member transfers an equitable interest in the mortgage, the transfer is not a mortgage assignment or a recordable event under KRS § 382.360.

For the foregoing reasons, the Court predicts that the Kentucky Supreme Court would rule similarly if confronted with this issue. It seems to the Court that the MERS system aids in the ability to determine the lienholder and advances the aim of the legislative attempt to ensure the timely release of liens. Once a loan held by a MERS member is registered in the MERS database, MERS serves as the nominal mortgagee for the lender and any successors and assigns. When the security instrument is recorded, the local land records list MERS as the mortgagee. Thus, when members transfer an interest in a promissory note to another MERS member, MERS privately tracks the assignment within its system, but remains mortgagee of record. Thus, the "borrower knows who to go to to get it released." (Ky. Sen. Banking & Ins. Cmte Hearing, Jan. 26, 2006.) In fact, some state legislatures have passed amendments to the recording statutes which expressly permit MERS or a similar nominee to act as a nominal mortgagee on behalf of lenders. See Jackson v. Mortgage Electronic Registration Systems, Inc., 770 N.W.2d 487, 491 (Minn. 2009).

### B. Civil Conspiracy Claim

A claim for civil conspiracy requires "a corrupt or unlawful combination or agreement between two or more persons to do by concert of action an unlawful act, or to do a lawful act by unlawful means." Peoples Bank of Northern Ky., Inc. v. Crowe Chizek & Co., LLC, 277 S.W.3d 255, 261 (Ky. Ct. App. 2008); Clark v. Bucyrus International, 2010 WL 996471, *3 (E.D. Ky.

2010).  "[T]he elements of a civil conspiracy are: 1) an agreement or combination, 2) that is unlawful or corrupt, 3) entered into by two or more persons, 4) for the purpose of accomplishing an unlawful goal."  Brown v. Student Loan Xpress, Inc., 2012 WL 1029467, *10 (W.D. Ky. March 26, 2012).  "'Importantly, however, civil conspiracy is not a free-standing claim; rather, it merely provides a theory under which a plaintiff may recover from multiple defendants for an underlying tort.'"  Flint v. Coach House, Inc., 2013 WL 869649, *4 (Ky. App. March 8, 2013)(citing Stonestreet Farm, LLC v. Buckram Oak Holdings, N.V., 2010 WL 2696278, *13 (Ky. App. 2010)).  See also Christian County, 515 Fed. Appx. at 459.

Plaintiffs' conspiracy claim is based on Defendants' alleged violation of KRS § 382.360 and KRS § 382.365. The Court dismissed Plaintiffs' statutory claims for failure to state a claim. Because the statutory claims fail, Plaintiffs' civil conspiracy claim based on the statutory claims also fails.

## IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by the Defendants, Mortgage Electronic Registration Systems, Inc., and MERSCORP Holdings, Inc., to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) [DN 27] and the motion by Defendants, Federal Home Loan Mortgage Corporation and the Federal Housing Finance Agency, in its capacity as Conservator of Freddie Mac, to dismiss Plaintiffs' complaint pursuant Fed. R. Civ. P. 12(b)(6) [DN 28] are **GRANTED**.  A Judgment will be entered consistent with this Opinion.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

March 31, 2014